# Selma Street & Suburban Ry. Co. *v.* Vaughan.

### Injury to Passenger.

#### (Decided November 24, 1916.   73 South. 19.)

1. **Carriers; Passengers; Injury; Evidence.**—The evidence stated and examined and held sufficient to warrant the jury in inferring that death was caused by the negligence of the motorman in opening the car door near where deceased was standing before the car reached the corner where deceased intended to alight.

2. **Same; Cause of Injury.**—Where the evidence supported a reasonable inference that the fall of deceased from a street car was causd by the negligence of the motorman in opening the door while the car was in motion, the right to recover for the death of decedent is not defeated by the mere possibility that the fall was caused by an attack of vertigo, which was not supported by any evidence. The rule that where the evidence points equally to two or more causes of an injury, for some of which defendant is not liable, plaintiff cannot recover, not being applicable.

APPEAL from Selma City Court.

Heard before Hon. J. B. EVANS.

Action by W. L. Vaughan as administrator against the Selma Street & Suburban Railway, for damages for the death of his intestate. Judgment for plaintiff and defendant appeals. Affirmed.

MALLORY & MALLORY, for appellant.   PETTUS, FULLER & LAPSLEY, for appellee.

SAYRE, J.—Appellee recovered a judgment against appellant on the ground that the latter had by the negligent operation of one of its street cars caused the death of the former's intestate. The single proposition of this appeal is that there was no evidence to warrant the inference that any negligence had caused the death of appellee's intestate, or, at best for appellee, that the evidence left the question at issue to rest in equilibrium between several variant, but equally reasonable, hypotheses of fact on only

one of which would defendant be liable, and that in this state of the case the court should have directed a verdict for defendant, or, failing that, the verdict should have been set aside as lacking sufficient support in the evidence.

(1) The court has examined the evidence, and thereupon states its conclusion that the question of fact involved was proper for submission to the jury, and accordingly that the judgment should be affirmed.

Tendencies of the evidence went to establish this state of the case in brief: Defendant's car was operated by a motorman who took fares as passengers entered a door to his right. The doorway opened out immediately upon the street. The door was operated by a lever to the left of the motorman, which caused the door to slide back, and in one operation caused steps to be lowered for the use of passengers getting on or off. Plaintiff's intestate, being at the time the only passenger on the car, as the car entered that part of the street contiguous to the block in which he lived, went forward and stood between the motorman and the closed door of the car, at the same time notifying the motorman that he desired to alight at the next corner. The track was straight and smooth. The car was moving at the rate of four to six miles an hour. Shortly before the car reached a point opposite the residence of plaintiff's intestate the motorman was observed to pull the door open, "and just about that time Mr. Vaughan fell out of the door," receiving injuries which resulted in his death. We read the evidence as excluding, upon fair interpretation, the inference that deceased made an effort to alight by way of the steps at the point where he was hurt. We have stated the essential part of the testimony of plaintiff's witness Watts, who, from the street in front of the car, saw deceased "fall out of the door." The testimony of defendant's motorman —Watts and the motorman were the only witnesses of the occurrence—was that deceased stood in the doorway after it was open, and "that he (witness) might have been looking ahead when Mr. Vaughan started to fall, but he saw him just as he started to fall and caught at him." "He just went out headfirst." The motorman's testimony was that he had already partially wound up the brake, and that the car was at the time running smoothly along. Deceased, 62 years of age, was probably of average physical strength, and for aught appearing, in his usual frame of mind. It is proper, then, to assume that the natural and normal instinct

of self-preservation had influence upon his actions, and so it was permissible for the jury to find that he did not voluntarily plunge headlong out of the door; that his fall from the car was accidental. With the door closed plaintiff's intestate was perfectly safe in the place where he stood, and where defendant's motorman knew he stood; but ordinary prudence would have suggested that, in the situation of plaintiff's intestate, an open door, so close at hand on a moving car, involved an appreciable and considerable element of danger, a consideration in that case which should have addressed itself to plaintiff's intestate as well as to defendant's motorman. But if, as the jury may have found under fairly well-developed tendencies of the evidence, the motorman prematurely and unexpectedly threw open the door, that action involved a danger that deceased was not required to anticipate, for he might with reason rely upon the usual course of things, as shown by the evidence, which would have stopped the car and opened the door at the next corner, but which the motorman, in the exercise of due care with reference to a known situation, should have avoided.

(2) The evidence, then, afforded a reasonable inference that deceased fell from the car by reason of the motorman's negligence of the sort stated above. In this state of the case it was not essential to justice that the jury should have allowed a mere possibility without evidential support, as, for example, that deceased had an attack of vertigo and for that reason fell through the door, to stand in the way of a solution suggested and sustained by positive and substantial tendencies of the evidence. The case does not seem to us to fall within the influence of those decisions in which it has been held, very properly, that where the evidence points equally and indifferently to two or more causes of injury, for some of which the defendant is not answerable at law, the plaintiff must fail as upon an entire lack of proof; for otherwise the jury would be permitted to select an hypothesis of fact leading to liability as the result of a mere guess. Accordingly our conclusion is that the trial court committed no error in submitting the case to the jury nor in overruling the motion to set aside the verdict.

Affirmed.

ANDERSON, C. J., and GARDNER, J., concur. McCLELLAN, J., concurs in the conclusion only.